**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bob Agahi, et al., | No. CV-21-01369-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Kevin Richard Kelly, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Exclude Steven Garfinkel's Expert Report and Testimony. (Doc. 109.) The motion is fully briefed (Docs. 129, 135) and, for the reasons set forth herein, is granted in part and denied in part.

Plaintiffs allege that Defendants made false and defamatory statements on five websites, namely claiming Plaintiffs have ties to and/or affiliations with organized crime. Plaintiffs bring claims of defamation *per se* and false light invasion of privacy. Defendants have moved, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude the opinions of Plaintiffs' expert, Steven Garfinkel, on two issues: (1) "the duty and care the FBI uses when engaging with the media to avoid besmirching an individual's character on the basis of highly attenuated and meaningless information;" and (2) "why Bob Agahi is not associated with organized crime and would not be someone that any reasonable person in law enforcement would

consider having 'links' to organized crime based upon the information provided in the websites published by Kevin R. Kelly." (Doc. 109 at 3-4.)

*Daubert* requires the Court to act as a "gatekeeper," excluding expert opinions if they do not meet the standards of reliability required under Rule 702. The Court accomplishes this by making a preliminary determination that the proffered evidence is both relevant and reliable. *Daubert*, 509 U. S. at 589-95. "[A] trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert,* the test of reliability is flexible, and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999) (quotation omitted).

Experts may establish the validity of their opinions by explaining how they reached them and pointing to some objective source to show that they have followed the scientific method, as it is practiced by a recognized minority in their field. *Daubert,* 509 U.S. at 593-94. "[T]he evidentiary rationale that underlay the Court's basic *Daubert* gatekeeping determination [is not] limited to scientific knowledge. *Daubert* pointed out that Federal Rules 702 and 703 grant expert witnesses testimonial latitude unavailable to other witnesses on the assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline. The Rules grant that latitude to all experts, not just to scientific ones." *Kumho,* 526 U.S. at 148 (1999) (quotations and citation omitted). Where the expert's opinions are non-scientific but are based on the knowledge and experience of the expert, the *Daubert* factors of peer review, publication, potential error rates, etc. are not applicable. *Hangarter v. Provident Life & Accident Ins. Co*., 373 F.3d 998, 1017 (9th Cir. 2004).

The first expert opinion which Defendants seek to exclude is the opinion pertaining to the policies and procedures adopted by the FBI to avoid "besmirching" an individual's

character when engaging with the media.  Plaintiffs argue, among other things, that the relevance is established by Defendants' published websites, which reference federal investigators, the FBI, court filings, and "Fed Scrutiny." (Doc. 116 at 75.)  Defendants point out that the FBI is mentioned only once on each of the websites, which state: "two other sources on Wall Street say that Supinsky may have been questioned by investigators who are building a case against Phillip Abramo, described by the FBI in court papers as capo in the DeCavalcante crime family." (Doc. 135 at 5.)

Garfinkel's tesitmony about the FBI's rules and practices to avoid disclosure of information of investigations is relevant to the likelihood of the FBI releasing information of a criminal investigation, of Supinsky having been questioned by the FBI, and whether the FBI was building a case against Philip Abramo.  It is relevant to a determination of whether the FBI was the source of the information contained in the article, which is tied to the issues of the substantial truth of the information contained in the websites and whether Defendants acted reasonably in attempting to discover the truth or falsity of the alleged defamatory statements.  Garfinkel has experience in the FBI and relies on an FBI manual.  Either would provide a reliable basis for his testimony about the FBI's procedures to protect the disclosure of investigations.

The second objection is to Garfinkel's opinion that the articles linked to the webpages do not contain evidence of Agahi's association with organized crime.  His opinions about what information or lack of information in the articles is evidence of association with organized crime is relevant and may assist the jury.  Garfinkel's definition of associate does not warrant exclusion of his opinion, which can be explored in cross examination.  However, Garfinkel's opinions that Ahahi is not an organized crime associate and what the average lay person might think are not supported by a reasonable basis and are not helpful to the jury.  Those determinations do not require the assistance of an expert.  Garfinkel may not testify that Agahi is or is not linked to organized crime or about the understanding or inferences that a lay person might take away from reading the website.

**IT IS ORDERED** that Defendants' Motion to Exclude Steven Garfinkel's Expert Report and Testimony (Doc. 109) is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

Dated this 19th day of September, 2022.

Douglas L. Rayes
United States District Judge