**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bob Agahi, et al., | No. CV-21-01369-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Kevin Richard Kelly, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Exclude Edward Finegan's Expert Report and Testimony (Doc. 110), which is fully briefed (Docs. 128, 134) and will be denied.

Plaintiffs allege that Defendants made false and defamatory statements on five websites, namely claiming Plaintiffs have ties to and/or affiliations with organized crime. Plaintiffs bring claims of defamation *per se* and false light invasion of privacy. Defendants have moved, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude the opinions of Plaintiffs' linguistics expert witness, Edward Finegan, who opines on what ordinary, reasonable readers would understand the sites to be intentionally communicating about Agahi.

*Daubert* requires the Court to act as a "gatekeeper," excluding expert opinions if they do not meet the standards of reliability required under Rule 702. The Court accomplishes this by making a preliminary determination that the proffered evidence is

both relevant and reliable. *Daubert*, 509 U. S. at 589-95. "[A] trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert,* the test of reliability is flexible, and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999) (quotation omitted).

Experts may establish the validity of their opinions by explaining how they reached them and pointing to some objective source to show that they have followed the scientific method, as it is practiced by a recognized minority in their field. *Daubert,* 509 U.S. at 593-94. "[T]he evidentiary rationale that underlay the Court's basic *Daubert* gatekeeping determination [is not] limited to scientific knowledge. *Daubert* pointed out that Federal Rules 702 and 703 grant expert witnesses testimonial latitude unavailable to other witnesses on the assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline. The Rules grant that latitude to all experts, not just to scientific ones." *Kumho,* 526 U.S. at 148 (1999) (quotations and citation omitted).

Defendants argue that Finegan's opinions should be excluded because they invade the province of the jury and tell the jury what they should understand the websites to mean. The Court disagrees. Finegan's opinions inform the jury how the use of words, punctuation, emphasis, imagery, placement, framing comparison, etc., informs ordinary readers and how they would understand the implications of the communications in the websites. His opinions do not direct the jury how to decide. They inform the jury how the websites can use certain linguistic strategies to convey certain meanings.

This case involves a claim of defamation by implication. Finegan's opinions are relevant and helpful to the jury in such a case. Informing the jury about how meanings are conveyed through written communications and how conveyed meanings may differ from

assumed meanings in some contexts will assist the jury in understanding the evidence and determining whether the communications are defamatory in the context of the entire writing. His explanation about the process and the disparity between express statements and implications can be provided without also telling the jury that a specific passage is defamatory. Finegan's expertise on how readers can reach certain understandings about Agahi is beyond the knowledge of the average juror.

Defendants also argue that Finegan's opinions are not based on sufficient facts and data. But where the expert's opinions are non-scientific but are based on the knowledge and experience of the expert, the *Daubert* factors of peer review, publication, potential error rates, etc. are not applicable. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004). There is no challenge to the adequacy of the information he reviewed and considered. There is no argument that the materials upon which he bases his opinions are not the kind that linguists in the same field use in forming opinions, and there is no authority presented that the methodology he employed—the Cooperative Principle—is not reliable.

**IT IS ORDERED** that Defendants' Motion to Exclude Edward Finegan's Expert Report and Testimony (Doc. 110) is **DENIED**.

Dated this 22nd day of September, 2022.

Douglas L. Rayes
United States District Judge